IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| NANCY CROWDER, as attorney-in-fact for Billy Vestal, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:13-CV-3<br>JUDGE HAYNES<br>JURY DEMAND |
| MARSHALL COUNTY, TENNESSEE and DONNELL KELLY, | ) ) ) | |
| Defendants. | ) | |

___

**DEFENDANT DONNELL KELLY'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**
___

Comes Defendant Donnell Kelly, and for his Answer to the Plaintiff's First Amended Complaint, shows the Court as follows:

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegations regarding her status as attorney in fact for Billy Wayne Vestal and demands strict proof of these allegations. This Defendant denies the remaining allegations contained in the first sentence of Paragraph 1. This Defendant admits that this Court has jurisdiction to hear Plaintiff's claims arising under federal law but denies any violation of Mr. Vestal's First and Fourth Amendment rights.

2. This Defendant denies that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims based on the exclusive jurisdiction of the Marshall County Circuit Court to hear claims governed by the TGTLA.

3. This Defendant admits that venue is proper in this judicial district.

4. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the First Amended Complaint and, therefore, demands strict proof thereof.

5. This Defendant admits the allegations contained in the first sentence of Paragraph 5 of the First Amended Complaint. This Defendant denies the allegations contained in the second sentence of Paragraph 5 of the First Amended Complaint. This Defendant admits the allegations contained in the third sentence of Paragraph 5 of the First Amended Complaint.

6. This Defendant admits that Marshall County employed him as a judicial commissioner and that Marshall County was responsible for the training of judicial commissioners. This Defendant denies the remaining allegations of Paragraph 6 of the First Amended Complaint to the extent they are inconsistent with the foregoing.

7. This Defendant admits the allegations contained in Paragraph 7 of the First Amended Complaint.

8. This Defendant admits the allegations contained in the first and second sentences of Paragraph 8 of the First Amended Complaint. This Defendant is without knowledge or information sufficient to admit or deny the allegations contained in the third sentence of Paragraph 8 of the First Amended Complaint and, therefore, demands strict proof thereof.

9. This Defendant admits the allegations contained in the first sentence of Paragraph 9 of the First Amended Complaint. This Defendant denies that Mr. Vestal complained that the bail was too high but admits that Mr. Vestal stated that he did not have any money to pay bail. This Defendant admits that he made the comments

alleged in the third sentence of Paragraph 9 of the First Amended Complaint but denies that he changed the amount of the bail previously set.

10.     This Defendant admits that he used profanity when speaking with Mr. Vestal after Mr. Vestal directed profanity at him. This Defendant denies the remaining allegations contained in Paragraph 10.

11.     This Defendant admits that Mr. Vestal took the cane held in his right hand and, while holding on to the booking counter with his left hand, Mr. Vestal reached over the counter and swung his cane at this Defendant, and struck him on his left shoulder. The Defendant denies the remaining allegations contained in the second sentence of Paragraph 11 of the First Amended Complaint.

12.     This Defendant admits that, after Mr. Vestal struck him with his cane, he proceeded to walk around the booking counter.  This Defendant is without knowledge or information sufficient to admit or deny whether he used profanity as he walked around the booking counter and, therefore, demands strict proof thereof.  This Defendant admits that he struck Mr. Vestal in the nose one time. This Defendant denies the allegations contained in the second sentence of Paragraph 12 of the First Amended Complaint. This Defendant admits that Mr. Vestal suffered a bloody nose and that blood from Mr. Vestal's nose ran onto the counter and the floor. This Defendant is without knowledge or information sufficient to admit or deny whether blood got on the hand of LPD Officer Ragsdale and, therefore, demands strict proof thereof. This Defendant denies all other allegations contained in Paragraph 12 of the First Amended Complaint.

13.     This Defendant denies the allegations contained in Paragraph 13 of the First Amended Complaint.

14. This Defendant admits the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Upon information and belief, this Defendant admits the allegations contained in Paragraph 15 of the First Amended Complaint.

16. This Defendant admits that after an investigation by Detective Chad Bass, Defendant was charged with assault. This Defendant admits that Detective Bass obtained several written statements but is without knowledge or information sufficient to admit or deny whether he obtained written statements from "everyone involved." This Defendant is without knowledge or information sufficient to admit or deny whether the General Sessions Judge was contacted by phone to sign the warrant. This Defendant is without knowledge or information sufficient to admit or deny whether the General Sessions Judge made a special trip to the jail after-hours but admits that he was released on his own recognizance. This Defendant admits that he resigned his position as judicial commissioner on January 23, 2012.

17. This Defendant admits that he entered into a memorandum of understanding to divert his criminal charges that was approved by the General Sessions Judge. The remaining allegations contained in Paragraph 17 of the First Amended Complaint state a legal conclusion requiring no response from Defendant.

18. This Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19. This Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20. This Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. The allegations in Paragraph 21 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. The allegations in Paragraph 22 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23. The allegations in Paragraph 23 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24. The allegations in Paragraph 24 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. This Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26. This Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. The allegations in Paragraph 27 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies that he committed the torts of assault and battery.

28. The allegations in Paragraph 28 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's First Amended Complaint.

29. The allegations in Paragraph 29 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 29 of the Plaintiff's First Amended Complaint.

30. The allegations in Paragraph 30 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's First Amended Complaint.

31. The allegations in Paragraph 31 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies that he engaged in any misconduct or that he committed any torts.

32. The allegations in Paragraph 32 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the

extent a response is required, this Defendant denies the allegations contained in Paragraph 32.

33. The allegations in Paragraph 33 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies that he set an excessive bail.

34. The allegations in Paragraph 34 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 34.

35. The allegations in Paragraph 35 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 35.

36. The allegations in Paragraph 36 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 36.

37. The allegations in Paragraph 37 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 37.

38. The allegations in Paragraph 38 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the

extent a response is required, this Defendant is without knowledge or information sufficient to admit or deny the allegations and, therefore, demands strict proof thereof.

39. The allegations in Paragraph 39 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 39.

40. The allegations in Paragraph 40 of the First Amended Complaint are not directed at this Defendant and, therefore, no response is required. However, to the extent a response is required, this Defendant denies the allegations contained in Paragraph 40.

41. This Defendant denies that the Plaintiff is entitled to any of the relief prayed for in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's First Amended Complaint fails to state a claim against this Defendant upon which relief may be granted and should be dismissed.

2. The Plaintiff's First Amended Complaint fails to state a claim for punitive damages against this Defendant and should be dismissed. In the alternative, this Defendant moves to bifurcate any punitive damages issues.

3. This Defendant is entitled to absolute judicial immunity in both his individual and official capacities for actions taken in his capacity as Judicial Commissioner for Marshall County.

4. This Defendant asserts that the Marshall County Circuit Court has exclusive jurisdiction to hear claims arising under the TGTLA pursuant to Tenn. Code Ann. § 29-20-307.

5. This Defendant asserts that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Should this Court decide to exercise such jurisdiction over Plaintiff's state law claims, this Defendant is entitled to absolute immunity on Plaintiff's assault and battery claims pursuant to Tenn. Code Ann. § 29-20-310(b).

6. This Defendant is entitled to qualified immunity in his individual capacity because he did not violate the Plaintiff's constitutional rights.

7. This Defendant reserves the right to amend his Answer after discovery is conducted in this matter.

Now having answered, this Defendant generally denies all allegations of the Plaintiff's First Amended Complaint not specifically admitted or denied, moves for a dismissal of the Plaintiff's First Amended Complaint, and demands a jury to hear this case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or United States Mail, first class, postage pre-paid, to:

Jerry Gonzales
Jerry Gonzalez, PLC
2441-Q Old Fort Parkway
Box 381
Murfreesboro, TN 37128

Mark Nolan
Kathryn W. Olita
Batson Nolan PLC
121 S. Third Street
Clarksville, TN 37040

This 12th day of April, 2013.

                                              /s/ Kelly M. Telfeyan
                                              Kelly M. Telfeyan

NASHVILLE 38391-674 452615