IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

NANCY CROWDER, as attorney in fact )
For Billy Vestal, )
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
v. ) No. 1:13-CV-00003
) JUDGE HAYNES
) JURY DEMAND
MARSHALL COUNTY, TENNESSEE )
and DONNELL KELLY, )
　　　　　　　　　　　　　　　　　　)
　　　Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DONNELL KELLY'S MOTION FOR PARTIAL DISMISSAL**

Comes Defendant Donnell Kelly ("Defendant Kelly"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for his Memorandum of Law in support of his Motion for Partial Dismissal, states and shows the Court as follows:

**FACTUAL BACKGROUND**

On or about January 22, 2012, Billy Vestal was arrested on a charge of violating Tenn. Code Ann. § 39-13-102 (Aggravated Assault). Mr. Vestal was presented to Defendant Kelly, Judicial Commissioner for Marshall County, for the setting of bail. Defendant Kelly set Mr. Vestal's bail at $7,500. After complaining about the amount of his bail, Mr. Vestal struck Defendant Kelly with his cane. Defendant Kelly responded by striking Mr. Vestal. As a result of the foregoing, Plaintiff (acting on behalf of Mr. Vestal) sued Defendant Kelly under 42 U.S.C. § 1983 for violation of Mr. Vestal's First and Fourth Amendment rights and additionally asserted claims for common law assault and battery.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." In ruling on a Motion to Dismiss, "[t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

## ARGUMENT

**A.  Defendant Kelly is entitled to judicial immunity for Plaintiff's retaliation claim under 42 U.S.C. § 1983.**

In the First Amended Complaint, Plaintiff alleges that Defendant Kelly violated Mr. Vestal's constitutional rights by retaliating against him for complaining about his excessive bail. (D.E. No. 4, First Amended Complaint, ¶18a.) To the extent Defendant Kelly is being sued for actions taken in his capacity as the Judicial Commissioner for Marshall County, he is entitled to absolute judicial immunity on Plaintiff's claims under 42 U.S.C. § 1983.  "'Judicial immunity is shorthand for the doctrine of absolute immunity that operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities.'" *Hollis v. Wilson County*, No. 3:08-cv-0439, 2009 U.S. Dist. LEXIS 48917, at *13 (M.D. Tenn. June 10, 2009) (quoting *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007)).

Significantly, the doctrine of judicial immunity applies equally to judges and judicial commissioners.  *See id.* (stating, "Judicial commissioners in Tennessee are entitled to absolute judicial immunity against civil rights claims arising from the performance of their official duties.") (citing *Jones v. Harris*, 22 Fed. Appx. 520, 521 (6th

2

Cir. 2001)). Judges, including judicial commissioners, are cloaked with immunity, so long as their activities are judicial in nature and so long as the judge has jurisdiction to perform the act in question. *Id.*

"The protection provided by absolute judicial immunity is an immunity from suit and is not overcome by a plaintiff's allegations of bad faith or malice on the part of the judicial officer." *Freeman v. Gay*, No. 3:11-cv-0867, 2012 U.S. Dist. LEXIS 79559, at *27 (M.D. Tenn. June 7, 2012) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 227 (1988)). In fact, "[t]he United States Supreme Court has held that as long as a judge has jurisdiction to perform the 'general act' in question, he or she is immune 'however erroneous the act may have been, and how injurious in its consequences it may have proved to the plaintiff' and irrespective of the judge's motivation." *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

In this case, with the exception of those claims involving allegations of excessive force, Defendant Kelly is, as the Judicial Commissioner for Marshall County, entitled to absolute judicial immunity on Plaintiff's claims under 42 U.S.C. § 1983.

    A.    <u>Setting Bail is a Judicial Act</u>.

Specifically, to the extent the Plaintiff has challenged Defendant Kelly's conduct in setting the amount of Mr. Vestal's bail, Defendant Kelly is entitled to absolute judicial immunity because setting bail is a judicial act. *See Hollis*, 2009 U.S. Dist. LEXIS 48917, at *14 (stating, ". . . judges ordinarily set bail and they 'enjoy absolute immunity when they do so.'" (quoting *Root v. Liston*, 444 F.3d 127, 132 (2nd Cir. 2006)); *see also Marsh v. Randolph*, No. 1:09-cv-13, 2012 U.S. Dist. LEXIS 15218, at *15 (E.D. Tenn.

3

Feb. 7, 2012) (stating, "Presiding over bond hearings and setting bond are judicial acts which are within the scope of Judge Randolph's and Judge Reedy's jurisdiction.").

      B.      <u>Setting Bail is within the Jurisdiction of Judicial Commissioners</u>.

In addition to being a judicial act, the setting of a bail or bond is specifically within the jurisdiction of judicial commissioners. *See* Tenn. Code Ann. § 40-1-111(a)(1)(A)(iv) (stating that the duties of a judicial commissioner shall include "[t]he setting and approving of bonds and the release on recognizance of defendants in accordance with applicable law and guidelines established by the presiding general sessions judge of the county.").

As a judicial officer performing a judicial act within his jurisdiction as the Judicial Commissioner for Marshall County, Defendant Kelly enjoys absolute judicial immunity for his decision in setting the amount of Mr. Vestal's bail. Therefore, with the exception of those claims involving allegations of excessive force, Defendant Kelly is entitled to the dismissal of Plaintiff's claimd for violation of 42 U.S.C. § 1983 with prejudice.

**II.**    **Defendant Kelly is entitled to absolute immunity on Plaintiff's common law claims for assault and battery.**

In his Complaint, the Plaintiff asserts claims for assault and battery against Defendant Kelly, alleging that Defendant Kelly struck Mr. Vestal after he complained about the amount of his bail. However, the Plaintiff's claims for assault and battery should be dismissed as a matter of law because Defendant Kelly is immune from suit for these two claims pursuant to Tenn. Code Ann. § 29-20-310(b), which states, in pertinent part, as follows:

> No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the government entity is removed by this chapter . . .

4

TENN. CODE ANN. § 29-20-310(b).

Pursuant to Tenn. Code Ann. § 29-20-310(b), in order to determine whether Defendant Kelly is entitled to absolute immunity on the Plaintiff's claims for assault and battery, the Court must determine whether Marshall County's immunity is removed for injuries arising out of assault and battery. This issue was addressed and resolved by the Tennessee Supreme Court in *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73, 83-84 (Tenn. 2001), in which the Court held that Coffee Medical Center's immunity from suit <u>was</u> removed for an employee's assault and battery. Furthermore, the Plaintiff has alleged that the County's immunity from suit is removed as to these claims. (D.E. No. 4, First Amended Complaint, ¶31).

Because Marshall County's immunity from suit is removed for injuries arising out of a governmental employee's alleged assault and battery, Defendant Kelly has absolute immunity from suit on the Plaintiff's assault and battery claims and is entitled to the dismissal of these two claims with prejudice.

In the alternative, the Court should decline to exercise jurisdiction over the Plaintiff's claims for assault and battery based on the exclusive jurisdiction of the Marshall County Circuit Court to hear claims arising under the TGTLA. Tenn. Code Ann. § 29-20-307.

## **CONCLUSION**

WHEREFORE, Defendant Donnell Kelly respectfully requests that the Court enter an Order dismissing in part the Plaintiffs' First Amended Complaint against him with prejudice.

Respectfully submitted,

DICKINSON WRIGHT PLLC


/s/ Kelly M. Telfeyan
Jeffrey M. Beemer, #17247
Kelly M. Telfeyan, #24473
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219
(615) 244-6538
(615) 256-8386 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or U.S. Mail, to:

Mr. Jerry Gonzalez
Jerry Gonzalez, PLC
2441-Q Old Fort Parkway
Box 381
Murfreesboro, TN 37128

Mr. Mark Nolan
Ms. Kathryn W. Olita
Batson Nolan, PLC
121 South Third Street
Clarksville, TN 37040


this 12th day of April, 2013.


/s/ Kelly M. Telfeyan
Kelly M. Telfeyan


NASHVILLE 38391-674 452509