UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **NANCY CROWDER,** as attorney in fact for Billy Vestal,<br>    Plaintiff<br><br>vs<br><br>**MARSHALL COUNTY, TENNESSEE** and **DONNELL KELLY**,<br>    Defendant | Case No. 1:13-00003<br><br>Hon. Haynes<br><br>JURY DEMAND |

**RESPONSE TO DEFENDANT KELLY'S MOTION FOR PARTIAL DISMISSAL**

Defendant Donnell Kelly has filed a motion to dismiss on the grounds that he is immune as a judicial officer for claims brought under 42 U.S.C. 1983 and immune as a government employee under the Government Tort Liability Act because the municipality, Marshall County, Tennessee, has waived immunity. Defendant also claims that this Court does not have jurisdiction to adjudicate a claim under the Tennessee Government Tort Liability Act. Defendant is wrong on all three.

## I.   INTRODUCTION

Plaintiff Nancy Crowder, as attorney in fact for Billy Vestal, brought suit against Marshall County, Tennessee and Donnell Kelly, individually, on January 8, 2013 for acts that arose on or about January 22, 2012 (D.E. 1), pursuant to the arrest and setting of bail of Mr. Vestal. An Amended Complaint was filed on January 16, 2013. (D.E. 4)

Count 1 of the Amended Complaint, brought under 42 U.S.C. 1983, is against Mr. Kelly individually and states that he violated Mr. Vestal's 1st and 4th Amendment rights by "[r]etaliating against [Mr. Vestal] for complaining about his excessive bail" and by "[a]ssaulting Mr. Vestal and using excessive force." Defendant argues that, "with the exception of those claims involving allegations of excessive force", he is entitled to "absolute judicial immunity" under this count. Since Defendant admittedly excludes the excessive force part, he must be

1

arguing that he is immune for "retaliating against" Mr. Vestal "for complaining about his excessive bail." But there is no fact alleged as retaliation other than the excessive force.

Defendant Kelly also seeks dismissal of Count III, a common law assault and battery claim against Mr. Kelly, arguing that the municipality has waived its immunity and so, therefore, the employee, Mr. Kelly, is immune under the Tennessee Government Tort Liability Act.

Finally, in one paragraph and without any substantive legal argument, Defendant argues that the assault and battery count should be dismissed because the State of Tennessee can somehow remove the jurisdiction granted to this Court by the United States Congress to hear ancillary state law claims under supplemental jurisdiction.

II.   **APPLICABLE STANDARD UNDER A MOTION TO DISMISS**

In considering a motion to dismiss under 12(b)(6), a court is required to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff <u>undoubtedly</u> can prove <u>no set of facts</u> in support of the claims that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867 (1990). Put another way, the complaint must be completely devoid of any facts that would plausibly support the claim.

The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Thus, *any set of facts* that would sustain the claim will allow the complaint to survive and cause the motion to dismiss to be denied.

III.  **DEFENDANT KELLY IS NOT JUDICIALLY IMMUNE FOR ASSAULTING MR. VESTAL.**

   A.   **Judicial Immunity does not apply to non-judicial acts.**

A judge performing judicial functions is absolutely immune from suit seeking monetary relief, even if acting erroneously, maliciously, or in excess of the judge's authority. *Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is *not* immune in two circumstances: (1) when the judge acts in a nonjudicial capacity, or (2) when the judge acts in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. A judge acts in the complete absence of all jurisdiction only if the matter upon which the judge acts is clearly outside the subject matter of the court over which the judge presides. *Stern v. Mascio*, 262 F.3d 600, 607-08 (6th Cir. 2001).

The party claiming absolute immunity bears the burden of establishing a justification for that immunity. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993); *Burns v. Reed*, 500 U.S. 478, 486 (1991). The "Supreme Court has been 'quite sparing' in their recognition of the doctrine of absolute immunity, and has refused to extend it any 'further than its justification would warrant.'" *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). "Whether an action is judicial depends on the nature and function of the act, not the act itself." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (internal citations omitted). Thus, a judge initiating both the criminal prosecution and the civil contempt proceeding for arrearage in child support payments was held to *not* be a judicial act and judicial immunity was not granted. *Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984). Similarly, in *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir.), *cert. denied*, 449 U.S. 1028 (1980), a case relied upon by the court in *Sevier*, the Seventh Circuit held that Illinois Circuit Court Judge William Vanderwater was not entitled to judicial immunity for his acts that were prosecutorial in nature where he was also a landlord who held a tenant at gunpoint until police arrived. 620 F.2d at 1235. The Fifth Circuit refused to recognize judicial immunity for a judge who allegedly jailed his friend's former husband when the ex-husband entered the judge's chambers on nonofficial business. *Harper v. Merckle*, 638 F.2d 848 (5th Cir.), *cert. denied*, 454 U.S. 816 (1981).

3

### B. Retaliating against a party for complaining of excessive bail by assaulting the party is not a judicial act protected by judicial immunity.

The First Amended Complaint (D.E. 4) alleges that Defendant Kelly read the charges to Mr. Vestal and set his bail at $7500. When Mr. Vestal complained that the bail was too high, Mr. Kelly responded that he could set the bail for whatever amount he wanted and Mr. Vestal could just sit in jail. (D.E. 4, Amended Complaint, ¶9, PageID 10-11). Mr. Vestal then complained that Kelly need not talk to him like that and Mr. Kelly responded with profanity. (*Id.*, ¶10). Mr. Vestal swung his cane at Mr. Kelly, who blocked the cane away with his left arm, and was subdued by a Patrol Officer standing near by. (*Id.*, ¶11). Defendant Kelly proceeded to walk around the booking counter cussing at Mr. Vestal and struck Mr. Vestal in the face several times, causing a bloody nose. (*Id.*, ¶12).

Count I of the Amended Complaint then alleges that Mr. Kelly, under color of law, violated Billy Vestal's constitutional rights by "[r]etaliating against him for complaining about his excessive bail" and by "[a]ssaulting Mr. Vestal and using excessive force." (*Id.*, ¶18). Count I concludes by saying that by these actions, "Billy Vestal suffered physical injuries and damages, humiliation, and embarrassment."

Defendant seeks to dismiss those claims where Mr. Kelly is being "sued for actions taken in his capacity as the Judicial Commissioner for Marshall County..." (D.E. 17, at 2, PageID 51). Although Defendant concedes that "those claims involving allegations of excessive force" are an "exception" (D.E. 17, at 3, PageID 52), Plaintiff is at a loss to understand what claims Defendant wants dismissed other than those related to the assault. The Amended Complaint does not allege any facts that would lead anyone to believe that the retaliation was by anything other than the assault. Indeed, it does not even allege that bail was increased beyond that amount initially set to which Mr. Vestal complained. Plaintiff even makes clear that as a "direct and proximate result" of retaliation, Mr. Vestal suffered "physical injuries and damages". What physical injuries could possibly result from any judicial act? Certainly, nothing in the factual allegations could lead to the conclusion that "setting bail" led to "physical injuries."

It is beyond debate that an assault by a judicial officer on a party resulting in a bloody nose is a *non-judicial act* for which judicial immunity does *not* apply. Therefore, this argument

4

by Defendant, as confusing as it is, is without merit. Perhaps Defendant was merely acting out of an abundance of caution. But a simple call or email to Plaintiff's counsel seeking clarification would have been a far more efficient use of everyone's time, including this Court's time. Any clarification could have easily been included in a proposed Initial Case Management Order.

## IV. DEFENDANT IS NOT IMMUNE FROM SUIT UNDER THE GOVERNMENT TORT LIABILITY ACT.

### A. Whether Defendant was an employee or independent contractor remains a question of fact improperly decided under Rule 12(b)(6).

Defendant argues that he is immune from suit for assault and battery pursuant to T.C.A. 29-20-310(b). As Defendant correctly points out, this section states that no "claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter ..." However, in order to even be able to avail oneself of this protection, one must be an "employee" of a government entity. This is necessarily a question of fact.

> When one (1) or more defendants to a lawsuit claim to be employees of a governmental entity as defined by § 29-20-107 and are therefore entitled to the governmental immunity granted by this chapter, it shall be a **question of fact** whether the defendant or defendants claiming immunity are such employees. **If the trier of fact determines that the defendant claiming immunity is not a governmental entity employee, the lawsuit as to that defendant shall proceed like any other civil case.** If the trier of fact determines that the defendant claiming immunity is a governmental entity employee, the lawsuit as to that defendant shall proceed in accordance with this chapter.

T.C.A. 29-20-313(a) (emphasis added). Moreover, T.C.A. 29-20-107(c) specifically states that no

> governmental entity may extend the immunity granted by this chapter to **independent contractors** or other persons or entities by contract, agreement or other means, nor shall the doctrine of borrowed servants operate to make any person a governmental entity employee for the purpose of immunity who does not otherwise meet all of the elements set out in this section.

(Emphasis added.) Importantly, the Amended Complaint only asserts that Defendant Kelly was a "duly appointed and acting officer of Marshall County, Tennessee, that is, a judicial commissioner..." (D.E. 4, ¶5, PageID 10). Nowhere does the pleading state the *fact* that Defendant Kelly was an "employee" and whether Mr. Kelly is an employee or independent

5

contractor is a question of fact improperly decided by a 12(b)(6) motion. Defendant jumped the gun and wants this Court to *assume* that Mr. Kelly is an employee of Marshall County, something that this Court is prohibited from doing at this stage of the proceedings. [1]

Second, Defendant misinterprets the GTLA as it related to claims of assault and battery arises under color of law. T.C.A. 29-20-205 states that immunity "from suit of all government entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except* if the injury arises out of: (2) ... civil rights..." This was referred to by the Tennessee Supreme Court as an "intentional tort exception". *Limbaugh v Coffee Medical Center*, 59 S.W. 3d 73, 79 (Tenn. 2001). *Limbaugh*, contrary to Defendant's interpretation, stands for the proposition that a governmental entity may be liable for its *own* negligence. *Limbaugh*, at 84. *Limbaugh* was also not a case that arose out of "civil rights" but rather in the context of a public medical center where a nursing assistant attacked an elderly patient.

If Defendant Marshall County asserts that Mr. Kelly was an "employee" under the GTLA and that it is immune from suit for the intentional tort of Mr. Kelly because the tort arose out of "civil rights", then Mr. Kelly is clearly *not* immune. If Defendant Marshall County asserts that Mr. Kelly was *not* an employee, then again Mr. Kelly is *not* immune. If, however, Defendant Marshall County waives immunity, then Mr. Kelly might be immune *if he was an employee* but *not immune if he was not an employee.*

Thus, there remains a question of fact (was Mr. Kelly an employee and, if so, is Marshall County immune for his intentional tort) that is improperly decided through a motion to dismiss.

### V. THIS COURT HAS JURISDICTION TO HEAR SUPPLEMENTAL CLAIMS UNDER STATE LAW AND NO STATE CAN REMOVE JURISDICTION GRANTED TO A UNITED STATES DISTRICT COURT BY ACT OF CONGRESS.

**A. Waiver for failure to fully brief with supporting authority.**

At the outset, this Court should deny the motion to dismiss the state law claims because

---

[1] Although the Amended Complaint does allege that "Defendant Kelly was acting in the course and scope of his employment with Defendant Marshall County", (D.E. 4, at ¶27), this is merely an alternative claim in the event that Mr. Kelly was, in fact, an employee. We just do not know whether he was or not at this point.

6

Defendant utterly failed to cite to any authority nor properly brief the argument that T.C.A. 29-20-307 deprives this Court of supplemental jurisdiction under 28 U.S.C. 1367. See *McMurphy v. City of Flushing*, 802 F.2d 191, 198-99 (6th Cir. 1986) (considering arguments not pursued as abandoned.) "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995) (citation omitted); accord *United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir. 1995); *United States v. Phibbs*, 999 F.2d 1053, 1080 n.12 (6th Cir. 1993), *cert. denied*, 510 U.S. 1119 (1994). Nor should the plaintiff be left to put flesh on its bones.

> **B.  A District Court's jurisdiction over state law claims cannot be removed by operation of state law.**

28 U.S.C. 1367 grants this Court "supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." Courts may decline supplemental jurisdiction if

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c). Defendant has not asserted any of the enumerated grounds for declining jurisdiction and the cases that discuss the Tennessee Government Tort Liability Act and a court's declining supplemental jurisdiction affirm the declination only in the context of having *first* dismissed all *federal* claims. See, for example, *McKinney v McNairy County*, 2012 U.S. Dist. LEXIS 146305 (attached), *Woodbury v Martineau*, 2012 U.S. Dist. LEXIS 153327 (attached).

Contrary to the situation where all federal claims have been dismissed and only the state law GTLA claim remains, Defendant effectively asserts (again, with no supporting citations) that T.C.A. § 29-20-307 mandates that the Tennessee circuit courts have exclusive jurisdiction over these claims such that a federal district court *must* decline to exercise supplemental jurisdiction

7

over such claims *ab initio*. But see, *Brown v. City of Memphis*, 440 F. Supp.2d 868, 876-78 (W.D. Tenn. 2006) (opining that this provision merely factors into, but does not control, a federal district court's discretionary decision whether to exercise supplemental jurisdiction over such claims).

As the court in *Brown* explained, although supplemental jurisdiction has been recognized as valid since 1824, Congress had the power to confer supplemental jurisdiction to federal courts by statute when a "question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause ..." *Id.*, at 877. "The constitutional basis for such jurisdiction stems from Article III's authorization for federal courts to decide 'cases' and 'controversies.'" (*Id.*) Thus, supplemental jurisdiction is grounded, implicitly, in Article III of the Constitution, and, explicitly, in federal statutory law. Under the Supremacy Clause, the U.S. Constitution and federal law make up the "supreme Law of the Land." "[A] state statute is void to the extent that it actually conflicts with a valid federal statute." *Edgar v. MITE Corp.*, 457 U.S. 624, 631 (1982). Accordingly, "no statute limitation of suability can defeat a jurisdiction given by the Constitution." *Lincoln County v Luning*, 133 U.S. 529, 531 (1890).

As *Brown* concluded,

> State legislatures are powerless to impose jurisdictional constraints upon the federal judiciary. Whatever the intent of the Tennessee legislature may have been in enacting the Governmental Tort Liability Act, the authority of the federal courts to appropriately exercise jurisdiction over supplemental state law matters remains undiminished. To rule otherwise would be to imply that a state could nullify two centuries of case law and an entire federal statute on the subject of supplemental jurisdiction by merely expressing a preference that all state law controversies be kept "in-house."

*Id.*, at 878. Defendant's argument is without merit and had Defendant bothered to research and cite to authority he would have found his argument to be frivolous.

## VI.  CONCLUSION

A judicial commissioner assaulting a person for complaining about his bail is clearly not a judicial act and so judicial immunity does not apply. The complaint does not allege any facts that would support a claim that the setting of bail itself was a retaliatory act that violated Mr. Vestal's civil rights and no such claim is made. There remain questions of fact before the claims

8

under the Government Tort Liability Act can be adjudicated and the final, unbriefed, argument that this Court lacks jurisdiction to hear claims under the GTLA is frivolous and without merit.

Defendant's motion to dismiss should be denied.

Respectfully submitted,

/s/ Jerry Gonzalez
Jerry Gonzalez (18379)
Attorney for Plaintiff
2441-Q Old Fort Parkway
No. 381
Murfreesboro TN 37128
615-360-6060
jgonzalez@jglaw.net

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following:

Mark Nolan (015859)
Kathryn W. Olita (023075)
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501
dmnolan@batsonnolan.com

Attorney for Marshall County

Jeffrey M. Beemer (017247)
Kelly Telfeyan (24473)
Dickinson Wright PLLC
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219
(615) 244-6538
jbeemer@dickinson-wright.com

Attorney for Donnell Kelly

This the 29th day of April, 2013.

/s/ Jerry Gonzalez