IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| NANCY CROWDER, as attorney in fact )<br>For Billy Vestal, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>MARSHALL COUNTY, TENNESSEE )<br>and DONNELL KELLY, )<br>)<br>    Defendants. ) | No. 1:13-CV-00003<br>JUDGE HAYNES<br>JURY DEMAND |

**DEFENDANT DONNELL KELLY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS OF SERVICE OF SUMMONS**

Comes Defendant Donnell Kelly ("Defendant Kelly") and submits this response in opposition to Plaintiff's Motion for Costs of Service of Summons. In support thereof, Defendant Kelly states and shows the Court as follows:

Pursuant to Fed. R. Civ. P. 4(d)(2), "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion _required_ to collect those service expenses." (emphasis added).

In Plaintiff's Motion for Costs for Service of Summons, Plaintiff seeks to recover $51.98 for the mileage expenses incurred in serving Defendant Kelly with a copy of the Summons and Complaint as well as $672.00 in attorney's fees for the 1.6 hours (hourly rate of $420.00) Plaintiff's counsel spent drafting the Motion for Costs for Service of

Summons and the Affidavit attached thereto for a total of $723.98. (D.E. No. 19-1, Affidavit of Jerry Gonzalez, ¶ 8).

However, Plaintiff is not entitled to recover the attorney's fees incurred in drafting the Motion and Affidavit because, before determining if this Motion was "_required_ to collect those service expenses," Fed. R. Civ. P. 4(d)(2) (emphasis added), Plaintiff's counsel did not first inquire as to whether Defendant Kelly was willing to voluntarily pay the mileage expenses of $51.98 without the necessity of a motion to recover those expenses. Having failed to determine if the Motion (which involved $672.00 in attorney's fees) was _required_ to collect the $51.98 in mileage expenses, Defendant Kelly should not be assessed with the substantial attorney's fees incurred in drafting an unnecessary motion. Stated briefly, had Plaintiff's counsel inquired, Defendant Kelly would have indicated his willingness to voluntarily pay the $51.98 in mileage expenses incurred in serving him with a copy of the Summons and Complaint. For this reason, Defendant Kelly should not be assessed with the $672.00 in attorney's fees incurred in drafting a Motion and Affidavit that were not required to collect those service expenses.

WHEREFORE, Defendant Donnell Kelly respectfully requests that the Court enter an Order finding that Defendant Kelly is only required to pay Plaintiff the $51.98 in mileage expenses incurred in serving Defendant Kelly with a copy of the Summons and Complaint and not the $672.00 in attorney's fees incurred in drafting the Motion and Affidavit because Plaintiff did so without first determining if Defendant Kelly would voluntarily pay the mileage expenses, *i.e.*, without first determining if the Motion was "required to collect those service expenses," Fed. R. Civ. P. 4(d)(2).

Respectfully submitted,

DICKINSON WRIGHT PLLC


/s/ Kelly M. Telfeyan
Jeffrey M. Beemer, #17247
Kelly M. Telfeyan, #24473
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219
(615) 244-6538
(615) 256-8386 (fax)


**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or U.S. Mail, to:

Mr. Jerry Gonzalez
Jerry Gonzalez, PLC
2441-Q Old Fort Parkway
Box 381
Murfreesboro, TN 37128

Mr. Mark Nolan
Ms. Kathryn W. Olita
Batson Nolan, PLC
121 South Third Street
Clarksville, TN 37040

this 30th day of April, 2013.


/s/ Kelly M. Telfeyan
Kelly M. Telfeyan



NASHVILLE 38391-674 454023

3