UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NANCY CROWDER, as attorney in fact for )
Billy Vestal, )
                                                                               )
      Plaintiff, )
                                                                               )
v. )   No. 1:13-cv-00003
                                                                               )   Chief Judge Haynes
                                                                               )
MARSHALL COUNTY, TENNESSEE and )
DONNELL KELLY, )
                                                                               )
      Defendant. )

## ORDER

Plaintiff, Nancy Crowder, in her capacity as attorney in fact for Billy Wayne Vestal, filed this action under 42 U.S.C. § 1983 against the Defendants: Marshall County, Tennessee and Donnell Kelly. Plaintiff's claims are that Defendant Kelly retaliated against Plaintiff for Plaintiff's complaints about excessive bail, that Defendant Kelly assaulted and used excessive force on Plaintiff, and that Marshall County is liable for Defendant Kelly's actions because of its failure to train, its inadequate policies or customs, and for Kelly's role as a final decision-maker for the county. Plaintiff also asserts that Marshall County is liable for its negligent hiring of Defendant Kelly.

Before the Court is Plaintiff's motion for the cost of service of process (Docket Entry No. 19), contending, in sum, that Defendant Kelly failed to sign and return the waiver of service of summons under Fed. R. Civ. P. 4. Plaintiff requests $51.98 for travel expenses associated with formal process and $672 in attorneys' fees associated with preparing this motion. In response, Defendant Kelly contends that he would voluntarily pay the mileage expense for service of process,

1

but asserts that the attorneys' fees for this motion are not warranted. (Docket Entry No. 21).

On January 17, 2013, Plaintiff sent a request for waiver of service to Defendant Kelly by first class mail to his last known address of 410 Liberty Ave., Lewisburg, TN 37091. (Docket Entry No. 19-1. Attorney Affidavit at ¶ 2). The request for waiver of service included: (1) notice of a Lawsuit and Request to Waive Service of Summons; (2) two copies of Waiver of the Service of Summons; (3) the First Amended Complaint; (4) Notice of Setting of Initial Case Management Conference; and (5) a stamped and addressed return envelope for the waiver. Id. On February 19, 2013, Plaintiff sent another request to an updated address for Defendant Kelly, 410A Liberty Avenue, Lewisburg, TN 37091. Id. at ¶ 3. The next day, Plaintiff's attorney called and left a voice message on Defendant Kelly last known cellular phone number, 931-270-5267, and informed him about the lawsuit as well as the request for waiver of service sent to the Liberty Ave. address. Id. at ¶ 4. Plaintiff's attorney also advised Defendant Kelly that the failure to return the waiver of service would result in the issuance of formal process and the risks of costs assessed against Defendant Kelly. Id. Defendant Kelly never returned the phone call from Plaintiff's attorney or returned the waiver form. Id. Subsequently, on March 20, 2013, Plaintiff issued formal process against Defendant Kelly, incurring $51.98 in mileage expenses. Id. at ¶¶ 5-8. Although Plaintiff's also contacted Defendant Kelly's attorney to advise him of the lawsuit and service of process, Kelly's attorney never returned the telephone call. Id. at ¶ 7.

Under Fed. R. Civ. P. 4(d)(2), "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those services

2

expenses." Defendant Kelly contends that this motion was not "required" because "Plaintiff's counsel did not first inquire as to whether Defendant Kelly was willing to voluntarily pay the mileage expenses of $51.98 without the necessity of a motion to recover those expenses." (Docket Entry No. 21 at 2).

The Court concludes that this motion was required for the Plaintiff to recover the fees for service of process given that Defendant Kelly and his attorney were unresponsive to Plaintiff's attorney's telephone calls. (Docket Entry No. 19-1, Attorney Affidavit). In addition, Fed. R. Civ. P. 4(d)(2) expressly provides that "the court **must** impose on the defendant: . . . expenses later incurred in making service; and . . . attorney's fees, of any motion required to collect those service expenses."

Accordingly, Plaintiff's motion for costs (Docket Entry No. 19) is **GRANTED**. The Plaintiff is **AWARDED** $723.98 in attorneys' fees and mileage for service of process on Defendant Kelly. Defendant Kelly is **ORDERED** to submit $723.98 to Plaintiff's counsel in reimbursement for these fees and expenses.

It is so **ORDERED**.

**ENTERED** this the 8th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court