IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| NANCY CROWDER, as attorney in fact for Billy Vestal,    ) <br> ) <br> ) <br> Plaintiff,    ) <br> ) <br> v.    ) <br> ) <br> MARSHALL COUNTY, TENNESSEE,    ) <br> et al.,    ) <br> ) <br> Defendants.    ) <br> ) | No. 1:13-0003 <br> Chief Judge Haynes |

**MEMORANDUM**

Plaintiff, Nancy Crowder, in her capacity as attorney in fact for Billy Wayne Vestal, filed this action under 42 U.S.C. § 1983 against the Defendants Marshall County, Tennessee and Donnell Kelly, Marshall County Judicial Commissioner. Plaintiff alleges that Defendant Kelly physically assaulted Billy Wayne Vestal while acting in his official capacity as judicial commissioner for Marshall County. Plaintiff's claims against Donnell Kelly for violation of Vestal's First and Fourth Amendment Rights, as well as a state common law claim for assault. Plaintiff also asserts claims against Defendants Marshall County and Kelly under Section 1983 and Tennessee Governmental Tort Liability Act. (Docket Entry No. 1).

Before the Court is Defendant Kelly's motion for partial dismissal (Docket Entry No. 16), contending, in sum, that Defendant Kelly has absolute immunity from Plaintiff's claims as a judicial officer performing an official judicial act.

1

# I. Analysis of the Complaint

According to the complaint, on January 22, 2012, Billy Wayne Vestal was arrested for aggravated assault and appeared before Defendant Donnell Kelly, the Marshall County Judicial Commissioner to set his bail. (Docket Entry No. 1, ¶ 7, 8). Defendant Kelly set Vestal's bail at $7,500. Id. at ¶ 9. Vestal complained that the bail was set too high and he pointed his walking cane at Defendant Kelly. Id. A police officer intervened and removed Vestal's walking cane from his hand. Id.

After the police officer removed Vestal's cane from his hand, Plaintiff contends that Defendant Kelly described from the bench and punched Vestal in the face, hitting him at least three times. Id. at ¶ 10. A police officer told Defendant Kelly to stop, but Defendant Kelly continued assaulting Vestal until subdued by police officers. Id. Vestal was then transported to the Marshall County Medical Center where he was treated for his injuries. Id. at ¶ 11. Defendant Kelly was charged with assault as a result of this incident, but he ultimately received pretrial diversion in lieu of a formal charge. Id. at ¶ 12.

# II. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or

2

unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are

3

not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint, under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983. Here, Defendant Kelly, as a Marshall County Judicial Commissioner, qualifies as a state actor.

Defendant Kelly asserts absolute immunity contending that, in setting Plaintiff's bail, he performed a judicial act within the scope of his duties as a Judicial Commissioner for Marshall County. (Docket Entry No. 16 at 1). Plaintiff responds that judicial immunity does not apply to non-judicial acts, and that Defendant Kelly's assault of Vestal is not a judicial act. (Docket Entry No. 20).

4

"A judicial officer is entitled to absolute immunity for actions taken in [his] judicial capacity, unless [he] is acting in the complete absence of all jurisdiction." Jones v. Harris, 22. Fed. Appx. 520, 521 (6th Cir. 2001). For the absolute immunity analysis, the Court considers "the functions [immunity] protects and serves, not by the person to whom it attaches." Forrester v. White, 484 U.S. 219, 227 (1988). This functional analysis typically turns on two factors: (1) looking to the nature of the act, courts must determine "whether it is a function normally performed by a judge," and (2) looking to the expectations of the parties, courts must assess "whether the parties dealt with the judge in his or her official capacity." DePiero v. City of Macedonia, 180 F.3d 770, 784 (6th Cir. 1999) (internal citations omitted). Setting bail is a "function normally performed by a judge." DePiero, 180 F.3d at 784. The Court therefore concludes that Defendant Kelly has absolute immunity as to the setting of bail. Yet, Plaintiff's allegations of Defendant Kelly's use of excessive force is not a judicial act to which absolute immunity attaches.

As to Plaintiff's state law claims, as a matter of comity, the Court does not entertain TGTLA claims. Beddingfield v. City of Pulaski, 666 F. Supp. 1064, 1066 (M.D. Tenn. 1987) rev'd on other grounds, 861 F.2d 968, 972 (6th Cir. 1988).

The Court therefore grants Defendant Kelly's motion for partial dismissal as to his setting of bail, but otherwise **DENIES** his motion as to Defendant Kelly's alleged use of excessive force.

An appropriate Order is filed herewith.

**ENTERED** this ___10___ day of June, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

5