# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **NANCY CROWDER,** as attorney in fact for Billy Vestal, <br> Plaintiff | Case No. 1:13-00003 |
| vs | Hon. Haynes |
| **MARSHALL COUNTY, TENNESSEE** and **DONNELL KELLY,** <br> Defendant | JURY DEMAND |

## BRIEF IN SUPPORT OF
## MOTION TO RECONSIDER DISMISSAL OF STATE LAW CLAIMS

Billy Vestal, through his attorney in fact Nancy Crowder (plaintiff herein), filed this complaint on January 8, 2013 alleging, in part, a violation of the Tennessee Governmental Tort Liability Act (D.E. 1, Complaint, Count IV) related to the assault against him by Judicial Commissioner Donnell Kelly, acting under color of law. The GTLA claim is clearly aimed at Defendant Marshall County. ("Defendant Marshall County is liable for all torts committed by its officers....Defendant Marshall County is negligent... Marshall County negligently screened, hired, trained.... These failures by Defendant Marshall County constitute negligence....." D.E. 1, ¶¶23-26). Even the caption to Count IV clearly states that the count is directed at "(GTLA-Marshall County)". Count III, on the other hand, was directed at Donnell Kelly individually and asserted "Common Law Assault - Kelly" (D.E. 1, ¶20), *not* liability under GTLA.

Defendant *Kelly* filed for partial dismissal under Rule 12(b)(6) arguing, without citation to any authority and in one paragraph, that the Court should decline to "exercise jurisdiction over the Plaintiff's claims for *assault and battery* based on the exclusive jurisdiction of the Marshall County Circuit Court to hear claims arising under the TGTLA. Tenn. Code Ann. §29-20-307." (Emphasis added.) This clearly is in reference to Count III ("Common Law Assault") which is *not* a claim under the GTLA. Defendant Marshall County, who *does* face a claim under the

1

GTLA, did not file its own motion to dismiss nor join in Defendant Kelly's motion.

Nonetheless, this Court issued an opinion on June 10, 2013 that, as "to Plaintiff's state law claims, as a matter of comity, the Court does not entertain TGTLA claims. *Beddingfield v. City of Pulaski*, 666 F. Supp. 1064, 1066 (M.D. Tenn. 1987) *rev'd on other grounds*, 861 F.2d 968, 972 (6th Cir. 1988)." While the Court referred to "state law claims" and "TGTLA claims", it did not state which state law claim it was referring to (there are only two, Count III, Common Law Assault, and Count IV, GTLA). But it clearly used the term "state law claims" in the plural. Therefore, it appears this Court has declined to exercise supplemental jurisdiction to *both* the GTLA claim brought against Defendant Marshall County (Count IV) *and* the Common Law Assault claim brought against Defendant Kelly (Count III).

Federal courts are empowered with supplemental jurisdiction over "any civil action of which the district courts have original jurisdiction" when the additional claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). See also *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) (codified in § 1367(a) and holding that jurisdiction over pendent state law claims is proper only when the state claim and the federal claim(s) over which the court has original jurisdiction "derive from a common nucleus of operative fact," and are so closely related that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding."). However even when such a relationship exists, §1367 dictates that the exercise of supplemental jurisdiction is a matter of the court's discretion. The United States Supreme Court has expounded further:

> Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court **should consider and weigh** in each case, and at every stage of the litigation, the **values of judicial economy, convenience, fairness, and comity**."

*City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), emphasis added). Courts in the Middle District have

2

elected to exercise supplemental jurisdiction over pendent state law claims, including those under the TGTLA "where invoking the exceptional circumstance objection would necessitate duplicative litigation which would be wasteful of judicial and litigant resources...." *Brown v. City of Franklin*, 2011 WL 2971092, at *8 (M.D. Tenn. July 20, 2011) (attached) (citing *Birgs v. City of Memphis*, 686 F. Supp.2d 776, 778 (W.D. Tenn. 2010)). See also *Lopez v. Metropolitan Gov't of Nashville and Davidson Cnty.*, 646 F. Supp. 2d 891, 921 (M.D. Tenn. 2009). In *City of Franklin*, Judge Campbell exercised his discretion to take up the plaintiff's state law claims because they arose out of the same "nucleus of facts" as the surviving civil rights claim. 2011 WL 2971092, at *8. In *Birgs*, the defendant filed a motion to dismiss the GTLA claims but the court held that to decline to exercise supplemental jurisdiction over the plaintiff's TGTLA claims would waste the resources of the parties and the state and federal courts. *Id.*, at 779. While a court has the discretion to decline supplemental jurisdiction, the appellate courts will find an abuse of discretion if it is "left with the definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached **upon a weighing of the relevant factors** or where the trial court improperly applies the law or uses an erroneous legal standard." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (emphasis added).

This Court decided to decline supplemental jurisdiction over *all* the state law claims without weighing *any* factors and even though one of the defendants did not move for dismissal of the claim against it. In effect, this Court applied a *per se* rule that it will not entertain *any* GTLA claims *ever*. Plaintiff respectfully submits that this is an abuse of discretion in that the U.S. Supreme Court directed that a court "should consider and weigh in each case, and at every state of the litigation, the values of judicial economy, convenience, fairness, and comity."

Relitigating the common law assault claim against Defendant Kelly (which is *not* a GTLA claim) and the GTLA claim against Marshall County (which it did not ask to be dismissed) would be immensely inconvenient and unfair. Both the common law assault and the GTLA claims (Counts III and IV) arise from the same facts as the excessive force claim under §1983 and would call for the same exact proof. It would also cost more money in that Plaintiff would have to draft the same legal briefs for both state and federal courts, try the same set of

3

facts to two different juries, and travel to two different courts to argue the same thing. It also would decrease judicial economy, most especially on the state court. There is no justification given by any defendant for how judicial economy, convenience, or fairness would be served by trying the same facts in two different courts. Indeed, the only argument made by Defendant Kelly (who does not have a GTLA claim against him) was that this Court did not have jurisdiction. That argument was made with no citation to authority and in only one paragraph.

Therefore, Plaintiff respectfully asserts that this Court abused its discretion in dismissing her common law assault claim against Defendant Kelly (Count III) without any weighing of the factors mandated by the U.S. Supreme Court and by applying a comity factor in dismissing a non-GTLA claim. Plaintiff also asserts that this Court abused its discretion in dismissing her GTLA claim against Defendant Marshall County (Count IV) *sua sponte* (since Defendant Marshall County did not ask for it to be dismissed) and also because it did not apply any of the factors mandated by the Supreme Court.

Accordingly, Plaintiff moves that this Court reconsider its order (D.E. 24) dismissing all of her state law claims.

Respectfully submitted,

/s/ Jerry Gonzalez
Jerry Gonzalez (18379)
Attorney for Plaintiff
2441-Q Old Fort Parkway
No. 381
Murfreesboro TN 37128
615-360-6060
jgonzalez@jglaw.net

4

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following:

Mark Nolan (015859)
Kathryn W. Olita, (023075)
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501
dmnolan@batsonnolan.com

Attorney for Marshall County

Jeffrey M. Beemer (017247)
Dickinson Wright PLLC
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219
(615) 244-6538
jbeemer@dickinson-wright.com

Attorney for Donnell Kelly

This the 10th day of June, 2013.

   /s/ Jerry Gonzalez

5